Oronoz, Plaintiff and Respondent, *v.* Montalvo et al., Defendants; Montalvo, Appellant.

Appeal from the District Court of Aguadilla in an action for an injunction to recover material possession of real property.

Motion of the respondent to dismiss the appeal.

Motion of the appellant for a reconsideration of the decision dismissing the appeal.

No. 1140.—Originally decided April 15, 1914.

Motion for reconsideration decided April 28, 1914.

Appeal—Dismissal of Appeal—Failure to Deposit Filing Fees—Transcript of Record.—When the appellant's draft of the statement of the case is not filed in the office of the secretary of the lower court because said party failed to deposit sufficient funds to cover the filing fees, notwithstanding the fact that he had been notified to that effect by the secretary, it is the same as if he had presented no statement of the case, and when no transcript of the record is filed in this court within thirty days from the date of the filing of the notice of appeal, the appeal should be dismissed.

ON RECONSIDERATION.

Id.—New Facts Alleged in Motion to Reconsider.—This court will not consider new facts alleged in the motion to reconsider when said facts could have been submitted to the court at the time it rendered the decision whose reconsideration is sought but were not owing to the neglect of the party, unless strong reasons are given for not having submitted them previously, and this was not done in the present case.

ID.—NEW FACTS ALLEGED IN MOTION TO RECONSIDER.—This court will not consider facts alleged in a motion for reconsideration for the purpose of contradicting a certificate issued by the secretary of the lower court when such facts could and should have been alleged in the answer to the motion for the dismissal of the appeal which the said certificate accompanied.

MAILING STATEMENT OF CASE—FILING DOCUMENTS.—The provisions of section 322 of the Code of Civil Procedure are not applicable to documents or pleadings of the parties sent by mail to the secretary of the court to be filed, and when this method is employed the filing takes effect from the time of the filing and not from the time the documents were deposited in the mail.

The facts are stated in the opinion.

Mr. *Carlos Franco Soto* for the respondent.

Mr. *Victor P. Martínez* for the appellant.

### DECISION.

WHEREAS, on February 13, 1914, the District Court of Aguadilla rendered judgment in this action against defendant Susano Montalvo.

WHEREAS, on February 24, 1914, a notice of appeal from the said judgment was filed in the office of the secretary of the lower court.

WHEREAS, on March 5, 1914, the secretary of the lower court received by mail drafts of the appellant's statement of the case and bill of exceptions, but they were not filed in the secretary's office because of the appellant's failure to deposit the amount of the secretary's fees notwithstanding the fact that he was notified that this must be done, for which reason the said documents were not presented to the judge of the lower court and are therefore without any legal force or effect, and the period of ten days prescribed by section 299 of the Code of Civil Procedure, as amended by Acts No. 70 of March 9, 1911, and No. 21 of March 11, 1913, having expired, as has also the period of thirty days allowed for filing the transcript of the record in this court, counting from February 24, the day on which the notice of appeal was filed, and no transcript of the record having been filed or any extension of time requested therefor,

THEREFORE, in view of subdivision 1 of section 295 of the

Code of Civil Procedure, as amended by the Act of March 11, 1908, of section 299 of the same code, as amended by Acts No. 70 of March 9, 1911, and No. 21 of March 11, 1913, of section 303 of the same code and of rules 40, 58 and 60 of this court, the motion of the respondent is sustained and therefore the appeal taken by defendant Susano Montalvo from the judgment rendered by the District Court of Aguadilla on February 13, 1914, is dismissed. It is ordered that the lower court be notified of this decision.

*Appeal dismissed.*

A motion for reconsideration was overruled in the following opinion delivered by Mr. Justice Wolf:

The appellant asks the reconsideration of the judgment of the court of the 15th instant dismissing the appeal taken in this case. In support of the reconsideration he maintains that the secretary of the lower court had sufficient funds in his possession to pay the filing fees of the proposed statement of the case and that, therefore, the secretary should have filed the same as soon as he received it by mail; and to this effect alleges in his motion for reconsideration that he had deposited with the secretary of the district court $5 on the 9th of February last and $5 more on the 17th of the present month. This last deposit was made when this appeal had already been dismissed, and in the sworn answer presented, opposing the motion to dismiss, the appellant said nothing about these deposits. It should be noted that the motion asking for a dismissal of the appeal and the answer thereto are each under oath, but the motion for reconsideration has not been sworn to.

In a motion for reconsideration facts which were not before the court in considering the motion to dismiss should not be presented, unless some strong reasons are given why they were not presented before. In this case not only is no reason assigned for not having, when he filed his answer, expressed the facts set forth in the motion for reconsideration,

but such facts are not supported by the oath of the appellant
appended to his motion for reconsideration.

In the certificate issued by the secretary of the lower court
and presented by the respondent in support of his motion to
dismiss this appeal there is inserted a letter of the secretary
of the lower court of the 12th of March last in which he ad-
vises the appellant that he did not have funds enough in the
office of the secretary to pay the filing fees for the statement
of the case and bill of exceptions, and, in spite of such notice,
the appellant made no deposit until the 17th of April, or
until the appeal had already been dismissed. The proper
time to contradict the facts set forth in the certificate of the
secretary would have been when the appellant filed his answer
to the motion to dismiss, and if the secretary really had funds
of the appellant in his possession, the appellant should have
made that fact clear to this court.

The facts alleged in the unsworn motion for reconsider-
ation are thus not sufficient to controvert the facts which
appear from the certificate of the secretary of the lower court
and, therefore, it has not been shown that the said statement of
the case should have been filed by the secretary when he re-
ceived it by mail. The provisions of section 322 of the Code
of Civil Procedure, which the appellant cites, are not applica-
ble to process or pleadings of the parties sent to the secre-
tary of a court for filing purposes. The filing of a statement
of the case, similarly to any other pleading or document of
a party, only takes effect from the moment in which it is re-
ceived by the secretary, by mail or personally; but when the
secretary receives such documents by mail the fact that they
have been so deposited in the mail is not equivalent to their
being filed in the court, nor does their effect date back, for
the purpose of filing, to the time when they were so deposited.
Estee on Pleading, fourth edition, volume 3, section 5001,
page 519.

For the reasons assigned the motion for reconsideration should be denied.

*Reconsideration denied.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.